UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re:

CULLIGAN LTD.,[1]

        Debtor in Foreign Proceedings.
--------------------------------------------------------------------x

Chapter 15

Case No. 20-12192 (JLG)

## ERRATA ORDER REGARDING MEMORANDUM DECISION AND ORDER ON MOTION FOR (I) RECOGNITION OF THE BERMUDA LIQUIDATION AS A FOREIGN MAIN PROCEEDING AND (II) CERTAIN RELATED RELIEF

This matter having come up on the Court's own motion, it is hereby ORDERED:

1. The Court's Memorandum Decision and Order On Motion For (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief, dated July 2, 2021 [ECF No. 58] (the "Memorandum Decision") is corrected in the manner described below:

    a. The following footnote 3 on pages 2 and 3 of the Memorandum Decision:

        The New York Plaintiffs are a group of minority shareholders of the Debtor: Culligan Soft Water Company; Cecil R. Hall; C&D Of Rochester, LLC; Driessen Water, Inc.; Michael A. Bannister; T&B Enterprises, Inc.; California Water & Filter, Inc.; Shar Sher I, Inc.; Water Quality Improvement, Inc.; Culligan Southwest, Inc.; Carey Water Conditioning, Inc.; Michael Carey; Eric B. Clarke; Culligan Water Conditioning (Barrie) Ltd.; Arthur H. Cooksey, Jr.; Corbett's Water Conditioning, Inc.; Glen Craven; Culligan Water Conditioning Horicon, LLP; Henry T. Wood; Mayer Soft Water Co., Inc.; Timothy Fatheree And Sue Fatheree; Clean Water, Inc.; Catherine Gilby; Canatxx, Inc.; Quality Water Enterprises, Inc.; Robert R. Heffernan; Charles F. Hurst; Karger Enterprises, Inc.; Keppler Water Treatment, Inc.; Robert Kitzman And Tracy Kitzman; Ladwig Enterprises, Inc.; Richard Lambert And Marianne Conrad; Low Country Water Conditioning, Inc.; Gina Larson; Michael G. Macaulay; Vetter's, Inc.; Robert W. Mccollum And Barbara N. Mccollum; Richard C. Meier; Donald E. Meredith; Cleanwater Corporation Of America; John Mollman And Janette Mollman; The Good Water Company Ltd.; E&H Parks, Inc.; Maumee Valley Bottlers, Inc.; Schry Water Conditioning, Inc.; Schry Water Treatment, Inc.; Winslow Stenseng; Stewart Water Conditioning, Ltd.; Bret P. Tangley; B.A.R. Water Corporation; Trilli Holdings, Inc.; Bruce Van Camp; Walter C. Voigt And Charlotte P. Voigt; Marin H2o, Inc.; Allan C. Windover; Everett Windover; Culligan Soft Water Service (Que) Inc.; G.R. Mccoy; Richard N. Wendt; Richard Sample And Marie Sample; The Water Meister, Inc.; Alex

---

[1]    Culligan Ltd. is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 35591. Culligan's registered office is located at c/o KPMG Advisory Limited, Crown House, 4 Par-la-Ville Road, Hamilton, Bermuda.

Connelly; Go Water, Inc.; Van D. Waugh; Melissa Grill; Petro's Water Conditioning Of Johnson County, Inc.; Water Treatment Services Of Shelbyville, Inc.; Countryside Management, Inc.; Gulf Coast Water Conditioning, Inc.; Adrian Water Conditioning, Inc.; Canney's Water Treatment, Inc.

shall be corrected to read as follows:

The New York Plaintiffs are a group of minority shareholders of the Debtor: Culligan Soft Water Company; Cecil R. Hall; C&D Of Rochester, LLC; Driessen Water, Inc.; Michael A. Bannister; T&B Enterprises, Inc.; California Water & Filter, Inc.; Shar Sher I, Inc.; Water Quality Improvement, Inc.; Culligan Southwest, Inc.; Carey Water Conditioning, Inc.; Michael Carey; Eric B. Clarke; Culligan Water Conditioning (Barrie) Ltd.; Arthur H. Cooksey, Jr.; Corbett's Water Conditioning, Inc.; Glen Craven; Culligan Water Conditioning Horicon, LLP; Henry T. Wood; Mayer Soft Water Co., Inc.; Timothy Fatheree and Sue Fatheree; Clean Water, Inc.; Catherine Gilby; Canatxx, Inc.; Quality Water Enterprises, Inc.; Robert R. Heffernan; Charles F. Hurst; Karger Enterprises, Inc.; Keppler Water Treatment, Inc.; Robert Kitzman and Tracy Kitzman; Ladwig Enterprises, Inc.; Richard Lambert And Marianne Conrad; Low Country Water Conditioning, Inc.; Gina Larson; Michael G. Macaulay; Vetter's, Inc.; Robert W. Mccollum And Barbara N. Mccollum; Richard C. Meier; Donald E. Meredith; Cleanwater Corporation Of America; John Mollman And Janette Mollman; The Good Water Company Ltd.; E&H Parks, Inc.; Maumee Valley Bottlers, Inc.; Schry Water Conditioning, Inc.; Schry Water Treatment, Inc.; Winslow Stenseng; Stewart Water Conditioning, Ltd.; Bret P. Tangley; B.A.R. Water Corporation; Trilli Holdings, Inc.; Bruce Van Camp; Walter C. Voigt and Charlotte P. Voigt; Marin H2o, Inc.; Allan C. Windover; Everett Windover; Culligan Soft Water Service (Que) Inc.; G.R. Mccoy; Richard N. Wendt; Richard Sample and Marie Sample; The Water Meister, Inc.; Alex Connelly; Go Water, Inc.; Van D. Waugh; Melissa Grill; Petro's Water Conditioning Of Johnson County, Inc.; Water Treatment Services Of Shelbyville, Inc.; Countryside Management, Inc.; Gulf Coast Water Conditioning, Inc.; Adrian Water Conditioning, Inc.; Canney's Water Treatment, Inc.

b.  The following footnote 6 on pages 3 and 4 of the Memorandum Decision:

At the hearing on the Recognition Motion, the Court admitted the following declarations, and all parties waived their rights to cross examine the declarants: *Declaration of C. Christian R. Luthi in Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 6] (the "Luthi Decl."); *Declaration of Charles Thresh in Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 7] (the "Original Thresh Decl."); *Declaration of Peter A. Singler in Support of Objection of New York Plaintiffs to Chapter 15 Recognition of Foreign Proceeeding* (sic) [ECF No. 22] (the "Singler Decl.*"); Reply Declaration of Charles Thresh in Further Support of the Motion for (I) Recognition of the Bermuda Liquidationas* (sic) *a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 26] (the "Reply Thresh Decl."); *Reply Declaration of David a. Berger in Further Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 27] (the "Reply Berger Decl." and, collectively with the Luthi Decl., the Original Thresh Decl., the Singler Decl., and the

Reply Thresh Decl., the "Declarations"). In addition, the Foreign Representatives have filed the *Corporate Statement and Lists Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 and Local Rule 1007-3* [ECF No. 4] (the "Corporate Statement"). Unless otherwise stated, the facts herein are based upon the Corporate Statement and the Declarations.

shall be corrected to read as follows:

At the hearing on the Recognition Motion, the Court admitted the following declarations, and all parties waived their rights to cross examine the declarants: *Declaration of C. Christian R. Luthi in Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 6] (the "Luthi Decl."); *Declaration of Charles Thresh in Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 7] (the "Original Thresh Decl."); *Declaration of Peter A. Singler in Support of Objection of New York Plaintiffs to Chapter 15 Recognition of Foreign Proceeeding* (sic) [ECF No. 22] (the "Singler Decl."); *Reply Declaration of Charles Thresh in Further Support of the Motion for (I) Recognition of the Bermuda Liquidationas* (sic) *a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 26] (the "Reply Thresh Decl."); *Reply Declaration of David a. Berger in Further Support of the Motion for (I) Recognition of the Bermuda Liquidation as a Foreign Main Proceeding and (II) Certain Related Relief* [ECF No. 27] (the "Reply Berger Decl." and, collectively with the Luthi Decl., the Original Thresh Decl., the Singler Decl., and the Reply Thresh Decl., the "Declarations"). In addition, the Foreign Representatives have filed the *Corporate Statement and Lists Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 and Local Rule 1007-3* [ECF No. 4] (the "Corporate Statement"). Unless otherwise stated, the facts herein are based upon the Corporate Statement and the Declarations.

c.   The following footnote 9 on page 6 of the Memorandum Decision:

An Executive and Organization and Lability Policy (the "E&O Policy") issued to the Debtor is currently providing coverage for certain of the defense costs accrued in the New York Action. *Id.* ¶ 43. However, the fees of the Foreign Representatives in connection with their work supporting the effort of Debtor's counsel in the New York Action are not covered under the E&O Policy and are therefore chargeable to the Debtor's estate. *Id.* However, some, but not all, of the Foreign Representatives' fees in connection with this chapter 15 proceeding will be covered under the E&O Policy. *Id.* ¶ 44.

shall be corrected to read as follows:

An Executive and Organization and Liability Policy (the "E&O Policy") issued to the Debtor is currently providing coverage for certain of the defense costs accrued in the New York Action. *Id.* ¶ 43. However, the fees of the Foreign Representatives in connection with their work supporting the effort of Debtor's counsel in the New York Action are not covered under the E&O Policy and are

therefore chargeable to the Debtor's estate. *Id.* However, some, but not all, of the Foreign Representatives' fees in connection with this chapter 15 proceeding will be covered under the E&O Policy. *Id.* ¶ 44.

    d.   The following sentence on page 7 of the Memorandum Decision:

In part, the Liquidation Order provides, as follows:

- Culligan Limited be wound up by this Court under the provisions of the Companies Act 1981.

- Mike W. Morrison and Charles Thresh of KPMG do continue as joint liquidators of the Company, and in respect of any act which, under the Companies Act 1981, is required to be done by a liquidator or authorized by him, the joint liquidators may do such act or give such authorization either jointly or by acting on behalf of both.

- The period for convening for the first meetings of creditors and contributors as set out in the Rules be and is hereby extended six months from the date of this Order.

- The costs of the Petitioner be paid out of the assets of the Company as an expense of the liquidation.

Reply Berger Decl. ¶ 50; *id*. Ex. A.

shall be corrected to read as follows:

In part, the Liquidation Order provides, as follows:

- Culligan Limited be wound up by this Court under the provisions of the Companies Act 1981.

- Mike W. Morrison and Charles Thresh of KPMG do continue as joint liquidators of the Company, and in respect of any act which, under the Companies Act 1981, is required to be done by a liquidator or authorized by him, the joint liquidators may do such act or give such authorization either jointly or by acting on behalf of both.

- The period for convening for the first meetings of creditors and contributors as set out in the Rules be and is hereby extended six months from the date of this Order.

- The costs of the Petitioner be paid out of the assets of the Company as an expense of the liquidation.

Original Thresh Decl. ¶ 50; *id*., Ex. A.

e.  The following sentence on page 8 of the Memorandum Decision:

On April 29, 2013, upon their appointment in as joint liquidators of the Debtor in the MVL, the Foreign Representatives, wrote to the New York Plaintiffs' counsel to inquire about the substance of the allegations in the First Amended Complaint, and in subsequent correspondence, requested that the New York Plaintiffs take no further action in light of the alleged change in control of the Debtor.

shall be corrected to read as follows:

On April 29, 2013, upon their appointment as joint liquidators of the Debtor in the MVL, the Foreign Representatives wrote to the New York Plaintiffs' counsel to inquire about the substance of the allegations in the First Amended Complaint, and in subsequent correspondence, requested that the New York Plaintiffs take no further action in light of the alleged change in control of the Debtor.

f.  The following sentence on page 10 of the Memorandum Decision:

In March 2020, the New York Court dismissed the New York Plaintiffs' Fourth Amended Complaint for failure to adequately plead that New York Plaintiffs had made a demand on the Foreign Representatives or that it would have been futile to have made such a demand.

shall be corrected to read as follows:

In March 2020, the New York Court dismissed the New York Plaintiffs' Fourth Amended Complaint for failure to adequately plead that the New York Plaintiffs had made a demand on the Foreign Representatives or that it would have been futile to have made such a demand.

g.  The following sentence on page 13 of the Memorandum Decision:

*See In re Millard*, 501 B.R. 644, 653–54 (Bankr. S.D.N.Y. 2013) (noting that "section 1517(a) imposes a mandatory requirement, in the first instance, for recognition when its requirements have been met."); *see also In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 126-27 (Bankr. S.D.N.Y. 2007) (hereinafter *Bear Stearns I*), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) (hereinafter *Bear Stearns II*) ("[T]he recognition must be coded as either main or nonmain."); *In re Oi Brasil Holdings Cooperatief U.S.,* 578 B.R. 169, 194 (Bankr. S.D.N.Y. 2017), *reconsideration denied,* 582 B.R.358 (Bankr. S.D.N.Y. 2018) ("Recognition is mandatory if all three requirements of Section 1517(a) are met").

shall be corrected to read as follows:

*See In re Millard*, 501 B.R. 644, 653–54 (Bankr. S.D.N.Y. 2013) (noting that "section 1517(a) imposes a mandatory requirement, in the first instance, for recognition when its requirements have been met"); *see also In re Bear Stearns*

> *High-Grade Structured Credit Strategies Master Fund, Ltd.,* 374 B.R. 122, 126-27 (Bankr. S.D.N.Y. 2007) (hereinafter *Bear Stearns I*), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) (hereinafter *Bear Stearns II*) ("[T]he recognition must be coded as either main or nonmain."); *In re Oi Brasil Holdings Cooperatief U.S.,* 578 B.R. 169, 194 (Bankr. S.D.N.Y. 2017), *reconsideration denied,* 582 B.R.358 (Bankr. S.D.N.Y. 2018) ("Recognition is mandatory if all three requirements of Section 1517(a) are met.").

   h.   The following sentence on page 14 of the Memorandum Decision:

> They also complain that the that the Debtor did not commence this chapter 15 case to assist in an unfinished liquidation proceeding in Bermuda—which they maintain is virtually completed.

shall be corrected to read as follows:

> They also complain that the Debtor did not commence this chapter 15 case to assist in an unfinished liquidation proceeding in Bermuda—which they maintain is virtually completed.

   i.   The following sentence on page 18 of the Memorandum Decision:

> *See* 11 U.S.C. § 1516(a) ("If the decision [commencing the foreign proceeding] . . . indicates . . . that the person or body is a foreign representative, the court is entitled to so presume."); *see also In re SphinX, Ltd.*, 351 B.R. 103, 116-17 (Bankr. S.D.N.Y. 2006) (hereinafter "*SPhinX I*"), *aff'd sub nom., Krys v. Official Comm. of Unsecured Creditors of Refco Inc. (In re SPhinX Ltd.)*, 371 B.R. 10 (S.D.N.Y. 2007) (holding that section 101(24) of Bankruptcy Code was satisfied where foreign representatives submitted a "copy of the Cayman Court's order appointing them to administer the [d]ebtors' winding up under [Cayman law] and authorizing their commencement of these chapter 15 cases").

shall be corrected to read as follows:

> *See* 11 U.S.C. § 1516(a) ("If the decision [commencing the foreign proceeding] . . . indicates . . . that the person or body is a foreign representative, the court is entitled to so presume."). *See also In re SPhinX, Ltd.*, 351 B.R. 103, 116-17 (Bankr. S.D.N.Y. 2006) (hereinafter "*SPhinX I*"), *aff'd sub nom., Krys v. Official Comm. of Unsecured Creditors of Refco Inc. (In re SPhinX Ltd.)*, 371 B.R. 10 (S.D.N.Y. 2007) (holding that section 101(24) of Bankruptcy Code was satisfied where foreign representatives submitted a "copy of the Cayman Court's order appointing them to administer the [d]ebtors' winding up under [Cayman law] and authorizing their commencement of these chapter 15 cases").

   j.   The following sentence on pages 25 and 26 of the Memorandum Decision:

> *See In re Servicos de Petroleo Constellation S.A.*, 600 B.R. at 283-83 ("By virtue of being incorporated in the BVI [the foreign debtor] is subject to the BVI's laws, regulations, and jurisdiction, including with respect to potential corporate disputes." Although Brazilian and Luxembourg law was relevant to the chapter 15 case, the court found that on balance, the factor weighed in favor of finding a BVI COMI because "the company always maintains the direct governance of BVI law."); *see also In re Betcorp*, 400 B.R. at 292 ("The voluntary winding up is being conducted pursuant to the Australian Corporations Act, and therefore this s the law that would apply to most disputes.").

shall be corrected to read as follows:

> *See In re Servicos de Petroleo Constellation S.A.*, 600 B.R. at 283-83 ("By virtue of being incorporated in the BVI [the foreign debtor] is subject to the BVI's laws, regulations, and jurisdiction, including with respect to potential corporate disputes." Although Brazilian and Luxembourg law was relevant to the chapter 15 case, the court found that on balance, the factor weighed in favor of finding a BVI COMI because "the company always maintains the direct governance of BVI law."); *see also In re Betcorp*, 400 B.R. at 292 ("The voluntary winding up is being conducted pursuant to the Australian Corporations Act, and therefore this is the law that would apply to most disputes.").

k.   The following sentence on page 39 of the Memorandum Decision:

> Based on the foregoing analysis, the Court overrules the Objection, grants the Recognition Motion, and finds that: (i) the Bermuda Liquidation is a foreign main proceeding; the Foreign Representatives are the foreign representatives of the Debtor, and (iii) the Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code, without prejudice to the rights of the Foreign Representatives to seek further relief under 11 U.S.C. § 1521 or the New York Plaintiffs to seek relief from the automatic stay to continue the prosecution of the New York Action.

shall be corrected to read as follows:

> Based on the foregoing analysis, the Court overrules the Objection, grants the Recognition Motion, and finds that: (i) the Bermuda Liquidation is a foreign main proceeding; (ii) the Foreign Representatives are the foreign representatives of the Debtor; and (iii) the Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code, without prejudice to the rights of the Foreign Representatives to seek further relief under 11 U.S.C. § 1521 or the New York

7

Plaintiffs to seek relief from the automatic stay to continue the prosecution of the New York Action.

2.  Future references to the Memorandum Decision shall be to the Memorandum Decision as corrected hereby, a copy of which is attached hereto as <u>Exhibit A</u>.

Dated: July 14, 2021
     New York, NY

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
