**ABV** Allegaert Berger & Vogel LLP

ATTORNEYS

David A. Berger
Direct: 212.616.7080
dberger@abv.com

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

April 28, 2026

**BY ECF**

The Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

*In re Culligan Ltd., Debtor in a Foreign Proceeding*
(Case No. 20-12192-MEW)

Dear Judge Wiles:

We represent Charles Thresh and Michael Morrison in their capacities as the joint liquidators and authorized foreign representatives (the "**Foreign Representatives**") of Culligan Ltd. (the "**Debtor**"). Prior to the reassignment of this proceeding to Your Honor, [ECF No. 102], Judge Garrity entered a Memorandum Endorsed Order on March 12, 2026 [ECF No. 100] directing the parties to submit a status report in advance of a case conference scheduled for May 5, 2026, at 10:00 a.m. In light of the reassignment, we write to provide the Court with some brief background in addition to the required status report. We note that as of this writing the May 5 conference does not appear on Your Honor's calendar. We remain available on that date or at another date convenient to the Court for a case conference should the Court so require.

**Background**

On September 17, 2020, the Foreign Representatives sought Chapter 15 recognition of the Bermuda liquidation of the Debtor (the "**Bermuda Liquidation**"). [ECF No. 1.] Judge Garrity granted recognition of the Bermuda Liquidation as a foreign main proceeding on July 2, 2021. [ECF No. 58.] As a result of the Court's recognition, a derivative action filed in the Supreme Court of the State of New York, New York County by certain beneficial shareholders of the Debtor (the "**New York Plaintiffs**") and styled *Culligan Soft Water Co. et al. v. Clayton Dubilier & Rice, LLC, et al.*, Index No. 651863/2012 (the "**New York Action**") was stayed.[1] On July 30, 2021, the New York Plaintiffs filed a motion for an order (a) lifting the

---

[1] The procedural history of the New York Action – which, at the time recognition was granted was facing fully briefed motions to dismiss its *Fifth* Amended Complaint, the previous five having been dismissed or superseded

**ABV**  Allegaert Berger & Vogel LLP

The Honorable Michael E. Wiles
April 28, 2026
Page 2

automatic stay to permit continuation of the New York Action, and (b) directing the Foreign Representatives to abandon the action to the New York Plaintiffs.  The Court (Judge Garrity) denied the motion in a memorandum decision and order, dated September 12, 2023.  [ECF No. 83.]

In the summer of 2025, following nearly 18 months of settlement discussions, an agreement in principle, subject to the sanction of the Bermuda court, was reached to settle the New York Action by and between the Foreign Representatives and the defendants[2] in the New York Action.  The Foreign Representatives subsequently filed a Sanction Summons in the Supreme Court of Bermuda on August 29, 2025, seeking court approval of the proposed settlement of the New York Action.  On September 26, 2025, the Bermuda court issued a Directions Order establishing a procedural timetable for the sanction hearing, including an October 31, 2025 deadline for any party wishing to file responsive evidence.  The sanction hearing was originally scheduled to proceed after November 28, 2025.

**Status of the Bermuda Sanction Application**

On October 16, 2025, Culligan Softwater Company and Donald E. Meredith (two of the New York Plaintiffs, collectively the "**Appearing Parties**"), through their Bermuda counsel, Trott & Duncan Limited, filed a Notice of Intention to Appear at the sanction hearing.  Subsequently, on October 30, 2025, the Appearing Parties filed a summons seeking an extension of time to file responsive evidence, supported by an affidavit from Peter A. Singler, Esq.  Without burdening the court with the complete procedural history, following agreements among the parties and further order of the Bermuda court, the Appearing Parties ultimately completed filing their responsive evidence, consisting of (i) the Second Affidavit of Peter A. Singler, and (ii) the expert affidavit of Robert J. Borghese (amended by stipulation), on March 5, 2026.

The Foreign Representatives subsequently filed a responsive affidavit of Michael Morrison and a responsive expert affidavit of the Hon. Shelly C. Chapman (Ret.) with the Bermuda court on April 23, 2026.  We are informed by Bermuda counsel for the Foreign Representatives that the hearing date on the Foreign Representatives' Sanction Application, and the date for submission of briefing, will not be set until the parties have submitted their "dates to

---

over the course of more than seven years – is laid out in Judge Garrity's decision on recognition [ECF No. 52 at 7-12].

[2] The defendants in the New York Action are: Clayton Dubilier & Rice, LLC, the successor in interest of Clayton Dubilier & Rice, Inc., and Clayton, Dubilier & Rice Fund VI Limited Partnership; George W. Tamke, David H. Wasserman, Mark Seals, Bruno Deschamps, Nathan K. Sleeper, Michael J. Durham, Daniel R. Fredrickson, Thomas A. Hays, James Uselton, and Michael J. Kachmer; Angelo, Gordon & Co, L.P., Silver Oak Capital, L.L.C., Centerbridge Special Credit Partners, L.P., CCP Acquisition Holdings, L.L.C., and CCP Credit Acquisition Holdings, L.L.C.; AP GPE VIII GP Limited Partnership, Advent Partners GPE VIII-A Cayman Limited Partnership, Advent Partners GPE VIII-C Culligan (Cayman) Limited, and Advent International Corporation (n/k/a Advent International L.P.); Culligan Newco, Ltd.; and KPMG Advisory Limited.

**ΛBV**   Allegaert Berger & Vogel LLP

The Honorable Michael E. Wiles
April 28, 2026
Page 3

avoid" for the hearing.  Despite repeated requests to do so, Bermuda counsel informs us that the New York Plaintiffs have not yet provided those dates and the hearing date will not be set until such time as the parties provide the Bermuda court with their respective dates to avoid.

*     *     *

We thank the Court for its attention to this matter.  As stated, we remain available to appear for a case conference on May 5 or another date convenient to the Court.

Respectfully submitted,

David A. Berger

cc: All Counsel of Record (by ECF)