TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Kyle J. Ortiz
Brian F. Shaughnessy
Amanda C. Glaubach
*Co- Counsel to the New York Plaintiffs.*

SINGLER, PLC
103 Johnson Street
Windsor, CA 95473
Telephone: (707) 823-8719
Peter A. Singler (admitted *pro hac vice*)

*Co- Counsel to the New York Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**CULLIGAN LTD.,** [1]<br><br>**Debtor in Foreign Proceedings.** | **Chapter 15**<br><br>**Case No. 20-12192-lgb** |

**DECLARATION OF PETER A. SINGLER IN SUPPORT OF NEW YORK PLAINTIFFS' OBJECTION TO THE FOREIGN REPRESENTATIVES' MOTION FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING THE BERMUDA COURT'S SANCTION ORDER APPROVING THE SETTLEMENT AGREEMENT; (II) PERMANENTLY ENJOINING ACTIONS IN CONTRAVENTION OF THE SANCTION ORDER; (III) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO DISMISS THE NEW YORK ACTION; AND (IV) GRANTING RELATED RELIEF.**

I, Peter A. Singler, being duly sworn, declare:

1. I am a member in good standing of the State Bars of California, Texas, and Idaho and admitted *pro hac vice* in this action, and in the New York Action. I am CEO of Singler Professional Law Corporation, lead counsel to the New York Plaintiffs in the action pending in the Supreme Court of New York, Index No. 651863/2012, entitled *Culligan Soft Water Company, et al. v. Clayton Dubilier & Rice, LLC, et al.* (the "New York Action").

[1] Culligan Ltd. is a Bermuda exempted company registered with the Registrar of Companies in Bermuda under registration number 35591. The Debtor's registered office is located at c/o KPMG Advisory Limited, Crown House, 4 Par-la-Ville Road, Hamilton, Bermuda.

2. I submit this declaration in support of *the New York Plaintiffs' Objection to the Foreign Representatives' motion for entry of an order (i) recognizing and enforcing the Bermuda court's sanction order approving the settlement agreement; (ii) permanently enjoining actions in contravention of the sanction order; (iii) granting limited relief from the automatic stay to dismiss the New York Action; and (iv) granting related relief.* (the "Motion").[2]

3. This Declaration incorporates by reference the Declaration of Peter Singler, dated November 2, 2020 [Docket No. 22] (the "Initial Singler Declaration"), which was previously submitted in support of the New York Plaintiffs' objection [Docket No. 21] to the Foreign Representatives' Motion for Recognition. Except as stated on information and belief, I have personal knowledge of, and attest to, the following:

4. Currently, the New York Plaintiffs' Fifth Amended Complaint is operative in the New York Action. Pursuant to the New York Court's Index, the Foreign Representatives' motion to dismiss has been denied, without prejudice, due to this current stay. [NYSCEF – 651863/20; No. 672].

5. After two years of doing nothing, and upon the Court ordering a status conference, the Foreign Representatives announced that they had reached a settlement of the New York Action, without any prior notice to or involvement by the New York Plaintiffs. [DKTS 87, 90]. In that latter document, the New York Plaintiffs requested that this Court consider a motion to dismiss due to lack of prosecution, or set a briefing schedule to allow the New York Plaintiffs to file a motion to vacate and reconsider recognition.

6. Judge Garrity ordered the Foreign Representatives to proceed with their filings in Bermuda. He also specifically ordered the parties to confer and schedule a status conference

2 Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

prior to filing any motion for recognition of a Bermuda Court order. The Foreign Representatives gave no prior notice and simply filed the current Motion. [DKT 91].

7. John Packard, on behalf of Culligan Soft Water, and Donald Meredith) objected to the Sanction Order. However, they withdrew their objection in large part because:

1) Bermuda does not recognize derivative standing and gives great deference to a liquidator's request, without the same protections afforded by section 1522, or under New York law;

2) Bermuda follows the English rule awarding attorney fees to the prevailing party, unlike U.S. law. The costs associated with the Bermuda objection were substantially more than the New York Plaintiffs had anticipated. The appearing parties (John Packard, on behalf of Culligan Soft Water, and Donald Meredith) had authority to commit funds made available for this purpose. However, if, as anticipated, the Bermuda Court did approve the Sanction Order, then all of the New York Plaintiffs could have been jointly liable for all of Culligan Ltd's fees. Messrs. Packard and Merdith also had significant health and family issues pending and could not feasibly contact and get the consent of all of the New York Plaintiffs. Legally and ethically, they could not proceed with the objection and subject the other New York Plaintiffs to a potential significant fee award without securing their consent.

8. This Court had previously ruled that due process would be satisfied by affording the New York Plaintiffs at least three opportunities to challenge the Sanction Order: 1) In Bermuda; 2) Before this Court in response to this Motion; and 3) In the New York Court if / when the Foreign Representatives sought to settle/dismiss the New York Action. [DKT 83, P.

31]. Relying on these latter two options, Messrs. Packard and Meredith opted to avoid exceeding their authority and the risk of subjecting the remaining New York Plaintiffs to a cost award, and pursuing their arguments here in U.S. Bankruptcy Court, and in the New York Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed September 8, 2026, in Windsor, California.

NEW YORK PLAINTIFFS
SINGLER PROFESSIONAL LAW CORPORATION
*Counsel to the New York Plaintiffs*

____/s/ Peter A. Singler______

Peter A. Singler *(pro hac vice)*
103 Johnson Street
P.O. Box 2298
Windsor, California 95492
Telephone: (707) 823-8719
pas@singler-law.com